No. 13,048.

WILLIE DUPUY, WIDOW R. KNIGHT. VS. WILLIAM ESNARD, TESTY. EXECUTOR, ET AL.

### SYLLABUS.

1. A nuncupative will, by public act, the validity of which was called in question for defects of form, is tested herein and found valid.

2. The placing by the notary of a word omitted from the will upon the margin thereof, is an immaterial circumstance when the word can be ignored and the will stand.

ON APPEAL from the Seventeenth Judicial District Court for the Parish of Vermillion. *De Baillon, J.*

*L. L. Bourges* for Plaintiff, Appellant.

*Broussard & Kitchell* for Defendants and Appellees.

Submitted on briefs February 8, 1899.
Opinion handed down April 3, 1899.

The opinion of the court was delivered by

NICHOLLS, C. J. The plaintiff alleging herself to be the forced heir of her father, P. D. Dupuy; that he died in 1897, leaving property, real and personal, valued at over $7,000; that on March 24th, 1894, he made a will before Lastie Broussard, a notary public; attacked the said will and the proceedings therein.

She averred that the will was an absolute nullity. That it did not show on its face:—

1st. That it was received by the notary in the presence of three witnesses.

2nd. That it was dictated to the notary by the testator in the presence of all the witnesses.

3rd. That it was written by the notary in presence of all the witnesses. And lastly;

It was null and void, because it was not written and signed in presence of all the witnesses.

She further averred that said will was null, because the notary in writing out the aforesaid will did not make express mention of all that is required by Article 1578 of the Revised Civil Code of Louisiana of 1870, to make express mention of in said will. That said will was a nuncupative will by public act and as such was null and void; that said will being an absolute nullity, everything done under said will was null and void; that for this reason its attempted probation in court; the attempted sale of the property of said P. D. Dupuy, deceased; the inventory thereof; the putting of seals thereon and the tableau sought to be homologated, were all null and void; that the

attempted probation of said will and homologation of said tableau were also null for want of citation of petitioner, who was not represented therein nor cited; that said sale of the property of P. D. Dupuy was null because it was obtained by William Esnard, a person whose appointment was a nullity, as the will of which he claimed to be the executor was an absolute nullity; said sale was also null, because the property was not offered on the day of sale, and the sheriff was without authority to readvertise it fifteen days more and to sell it on twelve months' credit; that said William Esnard never qualified according to law as executor in above entitled succession. She further averred that she had been defrauded of her rights in the premises and was entitled to have said Esnard made responsible for all debts of the succession as an intermeddler under R. C. C., Art. 1100.

In view of the premises she prayed that she be recognized as the legitimate heir of P. D. Dupuy; that the will of said P. D. Dupuy be annulled; also the sale of all his property, both real and movable; the judgment probating said will; the appointment of William Esnard as testamentary executor under said will and the tableau filed in said succession by said Esnard and its attempted homologation.

Plaintiff subsequently filed a supplemental petition, in which she averred that through inadvertence she failed to aver in her original petition that the will alleged to have been made by her father, and attacked by her, was null, for the additional cause that it failed to state when the executor named was to execute the desires of the deceased, whether at present or in future.

She further averred that the word "written" which appears on the margin of the pretended will attacked by her, was placed there after the making of the will; that the aforesaid will was null for that reason, and because it failed to show that the inspirations therein contained were made *"mortis causa,"* or were to take effect after the death of the said P. D. Dupuy.

Louis Dupuy and Mrs. John Ellis accepted service of petition; judgment by default was taken against them, but they filed no answer.

The testamentary executor, Esnard, answered, pleading, first, the general denial.

He admitted that Pierre D. Dupuy made his last will and testament before Lastie Broussard, notary public.

Further answering he averred that he had paid out all monies

received by him as executor of the estate of Pierre D. Dupuy (except a small balance in his hands) to the creditors of said estate, in accordance with a tableaux of debts and charges, duly homologated by a judgment of the court ordering the payment to the creditors carried thereon.

He prayed that there be a judgment in his favor, dismissing plaintiff's demand in *toto* and decreeing the will to be valid, and all proceedings in the matter of the succession of P. D. Dupuy to be valid and regular and of full force and effect.

Eugenie Dupuy, one of the defendants, answered, pleading, first, the general issue. She admitted the making of the will, and, further answering, she averred that in said will Pierre D. Dupuy acknowledged his indebtedness to her for the sum of $1,500 principal; that said amount, with interest, was carried on the tableau of debts and charges filed by the executor testamentary, in the succession of P. D. Dupuy, and that said tableau had been duly homologated and approved by the judgment of the court.

She prayed that there be judgment decreeing the will to be a good and valid will in law, and decreeing all proceedings had in the succession of P. D. Dupuy to be valid and regular and of full force and effect.

The court rendered a judgment in favor of the defendant, rejecting plaintiff's demands in *toto*.

It decreed the will and all proceedings taken thereunder valid.

Plaintiff appealed.

OPINION.

Pierre Duval Dupuy, a resident of Vermillion parish, died in said parish, leaving as his heirs his four children, Nora, Frederic, Louis and Willie Dupuy.

He left a last will, in nuncupative form, by public act executed before Lastie Broussard, a notary public for the parish of Vermillion.

William Esnard was appointed executor without bond. The will was probated and the executor qualified under it. The property of the succession was sold under order of the court at the instance of the executor to pay debts. The executor, subsequently, filed a provisional account and tableau of debts with proposed distribution of the funds.

This account was homologated on the 30th of April, 1898, and the executor authorized to make payment as prayed for.

Willie Dupuy (widow of R. Knight), a daughter of the deceased, brought an ordinary action attacking the will and all proceedings under it.

The testator, in his will, declared that he had received from his sister, Eugenie Dupuy, the sum of $1,500 which was then invested as a partner in the firm of P. D. Dupuy and Company; that this sum of $1,500 he desired to be paid to her before any partition of his estate; the balance after it should have been converted into money to be equally divided, share and share alike, between his four children, Frederic, Louis, Nora and Willie.

The testator appointed William Esnard, executor, without bond, giving him the power to liquidate the estate as he thought proper to the interest of all concerned.

As the *residuum* of the property, after the payment of debts, was made by the will as to its disposition, to follow the very same course it would have followed had the will not been made, the main object had in view by the deceased would seem to have been to recognize his indebtedness to his sister Eugenie, and to guard her rights, and to select the person who should administer upon his estate.

Whether any special advantage would be gained by plaintiff by setting the will aside is problematical, as the recognition by plaintiff's father of his indebtedness to his sister, under his signature, would still remain as a fact, and this indebtedness to her and to others would have entitled the creditors to have placed the succession in charge of an administrator.

Be that as it may, our duty is to pass upon the issues raised.

The will is as follows:

"Be it known that on this the 24th day of March, *Anno Domini,* one thousand eight hundred and ninety-four, before me, Lastie Broussard, a notary public, duly commissioned and sworn, in and for the parish of Vermillion, and in presence of the witnesses following, viz.: Eugenius G. Lemarie, Numa Frederick and Willie R. Ellis, all of lawful age and residents of the town of Abbeville, in the parish of Vermillion, personally appeared Pierre Duval Dupuy, a resident of said town and parish, who declared that 'being of sound mind and in possession of all my faculties, I make this my last will and testament.

" 'I desire that all my personal debts shall be paid.

51

" 'I have received from my sister, Eugenie Dupuy, now residing in the city of New Orleans, the sum of $1,500, which is now invested, as a partner, in the firm of P. D. Dupuy & Company, this amount of $1,500 I desire to be paid to her before making any partition of my estate. When these amounts are settled, I wish the remainder of my estate, after it shall be converted in money, to be equally divided, share and share alike, amongst my four children, Frederic, Lewis, Nora and Willie.

" 'I hereby appoint William Esnard the executor of this will, without bond, and give him the power to liquidate my estate as he thinks proper to the interest of all concerned.'

"And the said P. D. Dupuy having ceased to dictate, declared that the above contained his last will which he dictated to me, notary, in presence of said witnesses and written by me, notary, as dictated by said P. D. Dupuy, and was then read by me, notary, to said testator in presence of said witnesses.

"The whole having been dictated by him, written and read by me, notary, and signed by the testator, the witnesses and notary at one time, without interruption and without turning aside to other acts. And the said testator again in the presence of the notary and witnesses declared this act to contain all his desire and last will.

"The words 'by me notary' and 'by the testator, the witnesses and notary,' interlined before signing and approved.

(Signed)        P. D. DUPUY.

Witnesses:
(Signed)    "WILLIE R. ELLIS.
(Signed)    "NUMA FREDERICK.
(Signed)    "E. G. LEMAIRE.
(Seal)                        (Signed)    "LASTIE BROUSSARD,
                                                "Notary Public."

The grounds of annulment set up, are, that the will does not show:

First—That it was received by the notary in the presence of the three witnesses.

Second—That it was dictated to the notary by the testator in presence of all the witnesses.

Third—That it was written by the notary in presence of all the witnesses.

Fourth—Because the notary in writing out the will did not make

express mention of all that he is required by Article 1578 of the Civil Code to make express mention of therein.

Fifth—That the word "written" which appears on the margin of the pretended will was placed there after the making of the will. The will was further attacked on the allegation that, as matter of fact, the will was not written and signed in presence of all the witnesses.

All the proceedings and acts done under the will were attacked upon the theory that the instrument being an absolute nullity carried with it the absolute nullity of everything based thereon. The purchasers at the judicial sales, and the creditors who were paid on the strength of the homologated account, were not made parties to the suit.

There was no attempt made to raise an issue with these creditors as to the verity of their claims.

The first four grounds set up by the plaintiff against the validity of the will are not sustained.

The instrument contains all necessary recitals, though, perhaps, not as artistically stated as they might have been.

Plaintiff does not specify what particular fact, or circumstance, has been omitted, the existence of which the law requires to be expressly mentioned in a nuncupative will by public act.

If any such has been omitted it has escaped our attention.

The testimony sustains the allegation that the word "written," which appears on the margin of the will, was placed there after the completion of the instrument. Ignoring it altogether, the will would still stand.

The will, was, as a fact, written and signed in presence of all the witnesses.

Remarks addressed by the notary, during the execution of a will, to the attending witnesses, insisting upon their remaining in the room until the closing of the instrument, is not such an interruption or turning aside to other acts as the law prohibits.

We find no grounds for annulling the judgment, but it should be amended.

For the reasons assigned it is ordered, adjudged and decreed, that the judgment appealed from be, and the same is hereby affirmed, except in so far as it rejects, definitely, plaintiff's demand for the nullity of the sales of real estate made in the matter of the successions —the said judgment in that respect being hereby changed and

amended so as to dismiss plaintiff's demand as of *non*-suit on that branch of the case. Costs of appeal to be borne by the succession.

MONROE, J., takes no part, as he was not a member of the court when the case was submitted.